(101 App. Div. 534)

SHERIDAN v. INTERBOROUGH RAPID TRANSIT CO. et al.

(Supreme Court, Appellate Division, First Department. February 10, 1905.)

1. MASTER AND SERVANT—INJURIES TO SERVANT—NEGLIGENCE—EVIDENCE.

In an action for death of a servant of an elevated railroad company, while engaged in repairing the structure from a scaffold hung under it, by the scaffold being struck by a truck, evidence *held* insufficient to sustain a finding of negligence on the part of the railroad company.

2. SAME—HIGHWAYS—PERSONS EMPLOYED IN STREET—INJURIES—TRUCKMEN— NEGLIGENCE—QUESTION FOR JURY.

The negligence of the truckman in running against the scaffold and causing deceased to be thrown to the ground *held* a question for the jury.

3. SAME—CONTRIBUTORY NEGLIGENCE.

Where deceased was killed by being thrown from a hanging scaffold under an elevated railroad structure by a collision between a truck and the scaffold, and at the time of the collision deceased was sitting on the scaffold, which was about two feet below the structure, engaged in drilling a hole in one of the iron beams on which it was placed, and a fellow workman, who was also on the scaffold, shouted a warning, and caught hold of the structure just in time to save himself, but deceased was thrown to the street, he was not guilty of contributory negligence as a matter of law.

Apeal from Trial Term, New York County.

Action by Bridget Sheridan, as administratrix, etc., against the Interborough Rapid Transit Company and another. From a judgment in favor of plaintiff against both defendants, they appeal. Reversed as to defendant Interborough Rapid Transit Company and affirmed as to defendant Joyce Trucking Company.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, and INGRAHAM, JJ.

Henry W. Taft, for appellant Interborough Rapid Transit Co.
Bertrand L. Pettigrew, for appellant Joyce Trucking Co.
Charles Pope Caldwell, for respondent.

INGRAHAM, J. This action was brought to recover damages for the death of the plaintiff's intestate, the allegation being that his death was caused by the joint negligence of the defendants. The jury found a verdict for $9,000 against both defendants jointly, and both defendants have appealed from the judgment entered thereon and from an order denying the defendants' several motions for a new trial.

The plaintiff's intestate was in the employ of the railroad company, engaged in repairing the structure of the railroad company on Sixth avenue between Thirty-Ninth and Fortieth streets, in the city of New York. A scaffold had been suspended from the structure for the use of the workmen, and the plaintiff's intestate was drilling holes in the iron beams or girders of the structure. A truck belonging to the defendant the trucking company, driving along Sixth avenue under the structure, collided with the scaffold upon which the deceased was at work, throwing him to the street, and causing injuries which resulted in his death, and the accident was the direct result of the collision with the truck. The lowest part of the elevated structure was 15 feet and 5 inches above the pavement, and the scaffold or staging was but about

2 feet below the structure. The scaffold was built so that the surface cars could pass beneath it, and the evidence is that these cars were about 10 feet and 9 inches in height. To protect the men at work on these scaffolds, the railroad company employed two watchmen, who were instructed to warn vehicles of sufficient height to interfere with the scaffolds when passing under them, and there was evidence that on the day of the accident both of these watchmen were on duty. The truck was moving in a southerly direction, and one of the watchmen testified that he saw the truck approaching, and shouted to it to stop, but that the driver disregarded the warning, drove on, and collided with the scaffold. The driver of the truck and other employés of the trucking company upon the truck testified that they heard no such warning. There is no evidence that these scaffolds were not entirely safe so long as they were not interfered with. They were the kind in use when repairs were being made to the elevated railroad structure, and at this time there were several scaffolds of the same kind in use in this locality. There was evidence tending to show that at the time of this accident a bolt extended down from the scaffold some distance below its floor. At the end of the plaintiff's case each of the defendants moved to dismiss the complaint—the railroad company upon the ground that there was not shown to be any negligence on the part of the railroad company; that no act of the railroad company was the approximate cause of the accident, but that the approximate cause appeared to be the negligence of the driver of the truck coming in contact with this structure. These motions were denied, each of the defendants taking an exception. Testimony was then introduced by both of the defendants, and at the end of all the evidence these motions were again renewed and were denied. The court submitted the question to the jury, who found a joint verdict against both defendants.

I do not think the evidence was sufficient to justify a finding of negligence against the railroad company. There is no evidence that the scaffold was not properly constructed, and was not sufficient to protect the men working upon it so long as it was not interfered with by trucks upon the street. Such a scaffold was necessary to repair the elevated railroad structure. The railroad company was bound to furnish its employés with a reasonably safe place to work, but it was certain that there would be a collision if a vehicle of sufficient height to strike the scaffold attempted to drive under it. There was no way of avoiding such a collision except for the railroad company to employ watchmen upon the street to warn vehicles against interfering with the structure. The evidence is that the defendant did employ watchmen on the street, and the preponderance of evidence is that these watchmen were on duty at the time of the collision. Assuming that in this instance the watchmen failed to perform their duty, the railroad company performed its duty by providing watchmen charged with the duty of protecting its employés so far as possible, and, if the watchmen were negligent, it was the negligence of fellow servants, for which the railroad company is not responsible.

Whether or not a bolt hung down a few inches below the scaffold I do not consider at all material, as from the undisputed testimony and the situation itself it is apparent that there was plenty of room underneath

the scaffold as constructed for the ordinary use of the street, and that the only danger was from a truck loaded to an unusual height; and to prevent such a truck from driving under the structure the railroad company adopted the only means that it could by the employment of competent watchmen to warn such trucks against driving under the scaffold.

I think, however, that the question as to the negligence of the trucking company was properly submitted to the jury. The driver of this truck was aware of the fact that the scaffolds were suspended from the elevated railroad structure. He had plenty of room to drive on either side of the structure. He chose to drive down upon the tracks of the surface cars under the structure, and the accident was directly caused by a collision between this loaded truck and this scaffold. The use of the scaffold by the railroad company was lawful. The company had the right to take the necessary measures to repair the structure, and in pursuance of that right they had constructed these scaffolds, and their men were upon them at work. Whether the accident was caused by striking a bolt which extended below the scaffold, or by striking the scaffold itself, the trucking company had no right to drive its trucks in such close proximity to the scaffold as to endanger the lives of those upon it, when there was a plenty of room on either side of the street where the truck could have been driven. Whether or not, under such circumstances, it was a prudent act to drive the truck under these scaffolds, was, I think, a question for the jury, and their finding that the trucking company was negligent is sustained by the evidence.

There was no evidence to show that the deceased was guilty of contributory negligence. He was sitting upon this scaffold, which was about two feet below the structure, and at the time of the accident was engaged in drilling a hole in one of the iron beams on which it was placed. A fellow workman who was upon the scaffold, and saw the danger of the collision, and who gave a shout of warning, caught hold of the structure, and so saved himself from being thrown to the street. Whether the deceased thus attempted to save himself does not appear, but from the evidence this warning seems to have been almost cotemporaneous with the collision, and whether the deceased caught hold of a part of the structure and his hand slipped, or the collision was of a sufficient force to break his hold, is not disclosed; but the evidence is that he was knocked off the scaffold by the force of the collision, and the fact that other men succeeded in saving themselves was not, as a matter of law, evidence that the deceased was guilty of contributory negligence. There was no exception to the charge, and the only question of evidence relied upon by the trucking company is as to the admission of certain evidence by the railroad company which had relation to its acts, and had no bearing upon the negligence of the trucking company.

My conclusion therefore is that there is no evidence that the railroad company was guilty of negligence, and that the judgment and order as against it should be reversed, and a new trial ordered, with costs to the appellant to abide the event; that the case as against the trucking company was properly submitted to the jury, and that there was no error which would justify a reversal of the judgment. It follows that the

judgment and order as against the trucking company must be affirmed.

The court granted an extra allowance of 5 per cent. upon the amount of the verdict, but no exception was taken to this allowance by either of the defendants, and, in the absence of an exception, we are not disposed to interfere with the action of the court below in granting the extra allowance. All concur.