(115 App. Div. 282)

SHERIDAN v. INTERBOROUGH RAPID TRANSIT CO. et al.

(Supreme Court, Appellate Division, First Department.  November 5, 1906.)

1. MASTER AND SERVANT—INJURIES TO SERVANT—NEGLIGENCE—SAFE PLACE TO WORK.

Deceased was killed by being thrown from a hanging scaffold under an elevated railroad structure, by a collision between a truck and the scaffold.  The scaffold was suspended from the elevated structure only a short distance above the tops of the surface cars, and it was impossible for men to work thereon and keep watch for approaching vehicles.  *Held*, that the elevated railroad company was guilty of negligence in failing to provide a watchman to warn approaching vehicles of the scaffold.

2. SAME—EVIDENCE.

Where intestate was thrown from a suspended scaffold underneath an elevated railroad by a collision between a truck and the scaffold, evidence of the truck driver that he had no notice of the scaffold either before or after the accident, that he had no warning not to proceed, that no person signaled to him, and that he did not see any watchman there on that day, was sufficient to justify a finding that no watchman had been provided.

Appeal from Trial Term, New York County.

Action by Bridget Sheridan, as administratrix of the estate of Matthew Cooney, deceased, against the Interborough Rapid Transit

Company and another. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

Argued before PATTERSON, INGRAHAM, LAUGHLIN, CLARKE, and HOUGHTON, JJ.

Chas. Pope Caldwell, for appellant.
J. Osgood Nichols, for respondents.

INGRAHAM, J. Upon a former appeal from a judgment in favor of the plaintiff that judgment was reversed upon the ground that there was no negligence proved as against the defendant the Interborough Rapid Transit Company (101 App. Div. 534, 91 N. Y. Supp. 1052). Upon a retrial, the court at the end of plaintiff's case dismissed the complaint, and, from the judgment entered thereon, the plaintiff appeals.

A witness called for the plaintiff described the platform upon which the plaintiff's intestate was at work at the time of the accident, referring to a plan or drawing of the scaffold. This drawing is not annexed to the record, and it is somewhat difficult to understand the testimony in the absence of the drawing to which the witness referred. It is stated: That the scaffold upon which the plaintiff's intestate was at work was built upon two cross-timbers, bolted or nailed together. That these cross-timbers were made of six by two inch planks, bolted together, and upon these were placed planks running parallel with the railroad track with a hole in each end. A short bolt dropped through, so that they could not work off. That there were usually a dozen planks upon the scaffold which could be shifted about according to the necessity of the work, and the men sat upon the planks and worked above their heads. That these scaffolds had been in the use of the elevated railroad for a good many years before the accident, and was the kind of scaffolding always used for this kind of work. The plaintiff's intestate, with other employés of the defendant, being at work upon such a scaffold at Sixth avenue and Thirty-Ninth street, a truck drove down Sixth avenue under the elevated railroad structure. This truck was loaded with empty cable reels. When the truck arrived at Thirty-Ninth street and Sixth avenue, the driver testified that he heard somebody holloo as though something had happened, and he stopped. He got off the truck and went back, and found the plaintiff's intestate on the sidewalk. The driver said: That he did not notice this scaffold either before or after the accident. He had no warning not to proceed, and that nobody waived their hands to him, or signaled to him. That as he drove down the avenue he saw a scaffold hanging under the elevated railroad near Fortieth street, but that he did not look any more to see whether there were others. That he had often seen these scaffolds hanging under the elevated road, as it was a common thing for them to be there. That he did not see any watchman there on this day. One of the men upon this truck testified that he saw the wagon strike the scaffold; that a bolt was sticking down below the scaffold about six inches; that when the wagon hit the bolt, a plank fell down, striking against the front wheel; that he saw the plank fall, but did not see any of the men on the scaffold fall; that it was one of the spools

or reels that hit the truck. It also appeared that these workmen were engaged in repairing the structure of the elevated railroad; that some of them were working on the street and some upon the scaffold; that the height of the cross-girder of the elevated structure at this point was 14 feet 8½ inches above the surface of the street; that this girder crossed the street and supported the sleepers for the tracks.

Upon the former trial there was evidence that the railroad company had employed a watchman to protect this scaffold from the danger of collisions with vehicles in the street, and the preponderance of evidence was that he was engaged in the performance of his duty at the time of the accident. We held that under such circumstances, that fact being undisputed or proved by the preponderance of evidence, a verdict against the defendant upon the ground of negligence could not be sustained. Upon this trial there was no evidence that the defendant had employed a watchman, or had taken any means to avoid the danger of such an accident as actually happened, which resulted in the death of the plaintiff's intestate; the only evidence in this record being that the driver of the truck which collided with the scaffold causing the accident, heard no warning given, and saw no one in the street performing such a duty. A question is therefore presented whether the defendant was bound to protect its employés in this situation from the danger of a collision with vehicles using the street. The duty imposed upon the defendant is to provide a safe place and proper appliances for its employés to perform the work they are required to do. Whether or not such a place and such appliances are furnished by the employer depends upon the nature of the work and the danger to be apprehended in doing it. Here the situation was apparent. These men were employed upon a scaffold suspended from the elevated railroad structure at this particular locality, but a short distance above the tops of the street cars. The men were working in such a situation that it was impossible to do their work and keep a watch for approaching vehicles. It must have been apparent to any one superintending this work that there was danger that vehicles using the street would collide with these structures; and it seems to me that a due regard for the life of their employés required that the defendant should take some means to avoid the danger of a collision between vehicles in the street and these scaffolds. It is settled that where a railroad employs men to work upon its track, where trains are constantly passing, there is a duty of providing some warning to the men of the approach of trains, and it seems to me that this situation required a similar precaution to make the place furnished for their employés to work reasonably safe.

From the brief of the defendant it does not appear that this position is seriously disputed; but the defendant seems to base its right to sustain this dismissal of the complaint upon the ground that there was no evidence which tended to show that there was not a watchman present for the protection of its employés; but I think there is evidence to go to the jury upon that question, and, while I agree that the burden of proof was upon the plaintiff to show that there was no watchman employed, I think that when a wagon drives along the streets during the working hours, with the men at work, without seeing a watchman, or being

warned in any way, with the other corroborating evidence that there was no watchman in the street at the time, there is evidence that none was supplied by the defendant. Upon the former appeal we held that, if the company did furnish a watchman to warn vehicles against interfering with the scaffold, all reasonable precaution had been taken, and there was nothing to justify a finding of negligence; but there being evidence, I think, to justify a finding that no watchman was provided by the defendant, it was error to dismiss the complaint.

It follows that the judgment and order appealed from must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.